# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

**In the Matter of**

    **POWERS LAKE CONSTRUCTION COMPANY, INC.,**      Case No.

    **Debtor.**

## APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO RETAIN KERKMAN & DUNN AS ITS COUNSEL

Powers Lake Construction Company, Inc., as a chapter 11 debtor, respectfully applies to the Court for entry of an order authorizing the debtor to retain Kerkman & Dunn ("K&D") to act as its counsel in these chapter 11 proceedings pursuant to §§ 327 and 1107 of the United States Bankruptcy Code (the "Code"). In support of its application, the debtor states the following:

### *Jurisdiction*

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and the order of reference filed in this district entered pursuant to § 157(a).

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(1). It concerns the administration of the debtor's estate pursuant to 28 U.S.C. § 157(b)(2)(A).

3. The debtor filed a voluntary petition for relief under chapter 11 of the Code on March 10, 2010. An order for relief was entered on the same day.

Jerome R. Kerkman
David J. Espin
Kerkman & Dunn
757 N. Broadway Suite 300
Milwaukee, WI 53202-3612
Phone:   414.277.8200
Facsimile:   414.277.0100
Email:   jkerkman@kerkmandunn.com

### *Relief Requested*

4. By this application, the debtor requests that the Court enter an order authorizing its retention of K&D to act as its counsel in its chapter 11 proceedings.

### *Factual Basis for the Relief Requested*

5. The debtor selected K&D because it has considerable experience in representing chapter 11 debtors and is well-qualified to represent it in these proceedings.

### *Services to be Provided*

6. In rendering its professional services to the debtor, K&D will, among other things:

   a. advise and assist the debtor with respect to its duties and powers under the Code;

   b. advise the debtor on the conduct of these chapter 11 cases, including the legal and administrative requirements of operating in chapter 11;

   c. attend meetings and negotiate with representatives of the creditors and other parties in interest;

   d. prosecute actions on the debtor's behalf, defend actions commenced against the debtor and represent the debtor's interests in negotiations concerning litigation in which the debtor is involved, including objections to claims filed against the debtor's estate;

   e. prepare pleadings in connection with this chapter 11 case, including motions, applications, answers, orders, reports and papers necessary or otherwise beneficial to the administration of the debtor's estate;

   f. advise the debtor in connection with any potential sale of assets;

   g. appear before the Court to represent the interests of the debtor's estate;

   h. assist the debtor in preparing, negotiating and implementing a plan, and advising it with respect to any rejection of a plan and reformulation of a plan, if necessary; and

   i. perform all other necessary or appropriate legal services for the debtor in connection with the prosecution of this chapter 11 case, including (i) analyzing the debtor's leases and contracts and the assumption and

assignment or rejection thereof, (ii) analyzing the validity of liens against the debtor, and (iii) advising the debtor on transactional and litigation matters.

*Professional Compensation*

7. The debtor desires to employ K&D under a general retainer because of the extensive legal services required. Its understands that K&D will charge for its legal services at the following rates (which may be adjusted from time to time after notice to the debtor) for attorneys and paraprofessionals who provide services to the debtor in connection with the chapter 11 proceedings:

| | |
|---|---|
| Jerome R. Kerkman | $295.00 per hour |
| Michael P. Dunn | $295.00 per hour |
| Associate Attorneys | $210.00-275.00 per hour |
| Non-Attorney Paraprofessionals | $90.00 per hour |

8. It is K&D's policy to charge its clients for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also K&D's policy to charge its clients only the amount actually incurred by K&D in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses (including meals), court reporter services, computer-assisted legal research, photocopying, airfare, meals and lodging.

9. K&D currently charges $.15 per page for standard duplication in its offices. For large projects, K&D uses a commercial copy service and has it directly bill the client.

10. Moreover, pursuant to Bankruptcy Rule 2016(b), K&D has not shared, nor agreed to share, (a) any compensation that it has received or may receive with another party or person, other than with the partners, associates and contract attorneys associated with K&D, or (b) any

compensation another person or party has received or may receive.

*K&D's Disinterestedness*

11. To the best of the debtor's knowledge, (a) K&D is a "disinterested person" within the meaning of § 101(14) of the Code and as required by § 327(a) of the Code, and does not hold or represent an interest adverse to the debtor's estate; and (b) K&D has no connection to the debtor, its creditors or its related parties except as may be disclosed in Jerome R. Kerkman's affidavit of disinterestedness which is being filed concurrently with this application.

12. For the reasons stated above, the debtor submits that it has satisfied the requirements of §327(a) of the Code and §2014 of the Bankruptcy Rules to support entry of an order authorizing the debtor to employ and retain K&D in this chapter 11 case. Moreover, the debtor believes that the employment of K&D to represent it in these proceedings is in the best interest of the debtor and the creditors of the debtor's bankruptcy estate.

WHEREFORE, the debtor requests that the Court enter an order authorizing the debtor to employ K&D effective as of today, under a general retainer, to represent the debtor in its chapter 11 proceedings, and that the Court grant such other relief as it deems equitable and appropriate under the circumstances.

Dated: March 10, 2010.   Respectfully submitted,

/s/ Mark P. Karow
Mark P. Karow, President of
Powers Lake Construction
Company Inc.

Of Counsel:

Jerome R. Kerkman
Kerkman & Dunn
757 N. Broadway, Ste. 300
Milwaukee, WI 53202-3612
Telephone:  414.277.8200
Proposed Attorney for the Debtor

4